IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

    Plaintiff,                                  CASE NO.: 5:20-cv-265

vs.

ADMIRAL PROPERTY RESTORATION, INC.,
SUPERIOR CONTRACTING AND
RESTORATION, INC.,
BRADLEY DOUGLASS,
SUSAN DOUGLASS,

    Defendants.
_____/

## COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1.    Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, a citizen of both states per 28 U.S.C. § 1332

2.    Defendants Bradley [Debtor] and Susan Douglass are individuals domiciled in and citizens of Florida per 28 U.S.C. § 1332.

3.    Defendant Atlantic [Business] is incorporated in Texas, its principal place of business in Florida while Defendant Superior is incorporated in Florida its principal place of business per §1332. Both are owned by the Douglas Defendants.

4.    Per §1332, the parties are diverse and the sum in controversy exceeds $76,000.00 such as damages, fees and interest. ***Jones v. Landry***, 387 F.2d 102 (5th

Cir. 1967), **_Cohen v. Office_**, 204 F.3d 10717 (11th Cir. 2000), **_Groves v. Rogers_**, 547 F.2d 900 (5th Cir. 1977), **_Ryan v. State Farm_**, 934 F.2d 276 (11th Cir. 1991), **_Holley v. Credit_**, 821 F.2d 1531 (11th Cir. 1987) IOU's relief is valued in excess of $76,000.00. **_Waller v. Prof._**, 296 F.2d 547 (5th Cir. 1961).  Per §1367, jurisdiction exists on all claims. **_Exxon v. Allapattah_**, 545 U.S. 546 (2005).

5.	Per Fla. Stat. § 48.193 *et seq* and the Constitution, jurisdiction exists, is proper and just for Defendants, who reside in and/or conduct business in Florida.

6.	Under 28 U.S.C. § 1391 and § 89, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here, the property at issue is located here, Defendants consented to, reside and conduct business here.

7.	On 9/17/19, Debtor submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] purportedly for Business, but for all Defendants, with ownership or other interests in Business, who knew of, benefitted, consented and ratified the Loan, such as satisfying their debts, following several prior loan applications by Debtor(s) on their behalf.

8.	On 9/20/19 [Closing Date] Debtor executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $157,500.00, at IOU's Georgia office website, in exchange for its Loan Funds, with a loan guaranty fee, confirming all information, consenting to its terms, of which all Defendants benefitted, consented and ratified.

9. The Note is in default if (i) any amount due pursuant to the Note is not received by IOU when due (ii) Business breaches any warranty, representation, covenant, term or condition of the Note (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against Business and not dismissed within 30 days (iii) Business ceases to exist or (iv) obtains another loan during the term of the Loan without IOU's prior written permission. [Note ¶ 6]

10. The Note includes a Security Agreement, by which Debtor and Business, recipients of the Funds, were to encumber their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Defendants, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and

all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections. [Note ¶ 21]

11. On the Closing Date, Debtor executed a Guaranty at IOU's Georgia office website, guaranteeing the Note/Security Agreement, who received and personally benefitted from the Funds as did Defendants of which they knew, consented, benefitted and ratified as co-guarantors. [Note ¶ 12, Guaranty ¶ 1-2]

12. Per the Guaranty, Debtor granted and/or intended to grant the same security interest in his property, proceeds and assets as Business to guaranty the Note/Security Agreement, of which Defendants consented, benefitted and ratified.

13. The Guaranty provide for enforcement against Debtor if Business defaults on its obligations under the Note and Debtor fails to satisfy its unconditional obligations, enforceable against Debtor's successors and assigns, which Defendants consented/ratified. [Guaranty ¶1-3]

14. Per the Guaranty, Debtor must provide all financial information for himself/Business at the request of IOU which Defendants ratified. [Guaranty ¶ 6]

15. On the Closing Date, Debtor executed a Debit Agreement with Business to IOU, authorizing Loan payments by their account to IOU's Georgia office, certifying its purpose and their account information, of which Defendants knew, consented, benefitted and ratified.

16. On the Closing Date, Debtor approved disbursement of the Funds, by IOU, of which Defendants consented, benefitted and ratified.

17. On the Closing Date, Defendants received the Funds by wire from IOU's account into their account, of which they consented, benefitted and ratified.

18. IOU intended for its Loan as a secured interest in all property, assets and proceeds of the Fund's recipients, Defendants, to be repaid and would not have otherwise advanced them per the Guaranty, Note and Agreements. [Instruments]

19. Defendants breached the Instruments shortly after receipt of the Funds and never cured their breach, failing to make payments or provide financial information, which they ratified, which IOU accelerated due to the default.

20. Debtor and Business did not intend to repay the Funds, which they did not disclose to IOU, who acted for each other and the other Defendants as to the Funds and the Loan of which Defendants knew, benefitted, consented and ratified.

21. Debtor and Business were unable or unwilling to repay the Loan, before its origination, which Defendants knew, benefitted, consented and ratified.

22. Defendants are jointly and severally liable for the Loan/Instruments, by fulfillment of at least one of the below events; who namely:

(a) Acted as agents for each other such as obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b) Operate as or are a partnership, for their same, related business; the Business in which they share the benefits and liabilities including the Funds.

(c) Owned, operated/conducted Business, as their alter-ego, disregarding its entity, undercapitalizing it per their failure to repay the Loan, as well as other debts, using it as a conduit/instrumentality for personal affairs like obtaining the Fund/evading the Loan, share/co-mingle assets, finances, ownership, and offices.

(d) Business lacks an existence separate from Defendants, per their unified interest or ownership, a mere subterfuge to avoid payment of IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e) Defendants assumed or are liable for the debts/liabilities at issue, the Loan, Instruments and claims, who have a debtor-creditor relationship with IOU.

23. IOU's Instruments attached to all property, assets and/or proceeds of Defendants, including but not limited to the following ones:

(a) 2336 Washington Street, Lynn Haven FL, 32444 Parcel Id 08772-000-000, titled to the Douglass Defendants, per a deed to them recorded at Bay Book 4110, Page 1513 specifically mentioned in the Guaranty. [Property]

(b) Any UUC-1 by IOU on the Loan, to which all other property, assets, proceeds and interests of the Defendants are subject.

(c) Any property, proceeds and assets secured by other loans of Defendants, which IOU satisfied, into which IOU is subrogated of which they consented, benefited and ratified, such as BFS Capital/Receivables, a Loan for $122,075.00, satisfied by this Loan. [Prior Loan]

(d) Any Funds used to benefit any Defendant, also subject to the Loan.

(e) Any property, assets and proceeds of any Defendant.

24. Defendants did or conspired to make false, misleading representations or material omissions to IOU, through Debtor/Business, negligently, knowingly misrepresented or failed to disclose to IOU (a) they fraudulently procured the Loan, inducing IOU to provide the Funds per the Instruments, which they did not intend to or could not perform per their undisclosed purposes, defaulting on it only about 60 days after closing (b) concealed their involvement in the Loan (c) lied about their alleged efforts to resolve the default to defraud, delay or hinder enforcement of the Loan (d) secured on their property assets and proceeds including the Property, which they are estopped from disputing, including any alleged homestead exemption.

25. IOU justifiably and reasonably relied on the misrepresentations or omissions of Defendants as honest and accurate throughout the Loan process and in the Instruments, inducing and causing IOU to close the Loan and wire the Funds to them, which was damaged as a result.

26. IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

27. Defendants induced or encouraged IOU to confer the Funds on them per the Instruments, which they did not intend to satisfy or could not satisfy, of which they benefitted, consented and ratified.

28. IOU provided the Funds to Defendants and/or their agents, expecting repayment, which they appreciated, knew, benefitted, consented and ratified.

29. Defendants knew of, accepted and retained the Funds, which they did not reject, should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended senior interest(s) in them.

30. Defendants are indebted to IOU for the Funds, fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

31. Defendants are liable for each other's acts and omissions as partners, servants, agents, successors, by command, in prosecution of, within their relationship, by which they jointly benefitted and/or ratified.

32. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO ALL DEFENDANTS

33. ¶ 7-32 are incorporated.

34. Defendants are jointly liable for the Funds, whose property, assets and proceeds, such as the Property, are subject to the Instruments, procured by them, who seek to wrongfully evade the Loan.

35. The inequitable or fraudulent misconduct of Defendants requires inclusion of them, their property, assets and proceeds in the Instruments, who induced IOU to make the Loan, to which they are subject.

36. The misconduct of Defendants permits them to wrongfully retain the Funds at IOU's expense, with their property, assets and proceeds, absent IOU's intended secured interest in them, for which IOU has no adequate legal remedy.

37. The Instruments are intended to bind all recipients and beneficiaries of the Funds, the Defendants, whose property, assets and proceeds are to secure the Loan, who knew of, consented to, benefitted from and ratified the Loan, such as receiving and retaining the Funds.

38. The Instruments are intended as and constitute a security interest/lien in all property, proceeds and assets of Defendants, reasonably identified and described as collateral, of which they consented, benefitted and ratified, for which equitable relief will not prejudice them.

39. Per 28 U.S.C. § 2201, Fla. Stat. § 697.01 *et seq* and applicable law, IOU requests the Court declare, establish and reform its Instruments to bind Defendants jointly for the Loan, as a security interest/lien in their property, assets and proceeds, subrogated into the Prior Loan[s], grant all just relief.

40. Alternatively, per § Fla. Stat. § 768.72 *et seq* and applicable law, IOU demands judgment as to Defendants for compensatory, consequential, special, nominal, punitive damages for their misconduct and all just relief.

### COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

41. ¶ 7-32 are incorporated.

42. Defendants knew of, consented to, benefitted from and ratified the Instruments, accepting the Funds, of which they are liable as co-guarantors and are estopped from disputing.

43. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

44. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

45. Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who will be further indebted for IOU's fees/costs, unless all principal, interest and charges due per them are paid in 10 days after service of this Complaint.

46. Per applicable law, IOU demands judgment as to Defendants for damages under the Instruments in the principal sum of at least $76,000.00, fees, interest, costs and all just relief.

### COUNT III: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO DEFENDANTS

47. ¶ 7-32 are incorporated.

48. Defendants induced and/or encouraged IOU to confer the Funds upon her through Business, of which they knew, benefitted, consented and ratified.

49. IOU provided the Funds to Defendants, expecting their repayment, which they knew, benefitted, consented and ratified.

50. Defendants knew of and accepted the Funds which should be repaid, who is otherwise unjustly enriched by them at IOU's expense.

51. Defendants are indebted to IOU for the Funds, interest and costs.

52. IOU demands judgment as to Defendants for the unpaid Funds, costs and just relief such as its equitable remedies.

### COUNT IV: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO DEFENDANTS

53. ¶ 7-32 and ¶ 50-54 are incorporated.

54. Defendants inequitably/fraudulently induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

55. Defendants knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

56. An equitable lien or mortgage to secure IOU's Loan is intended and implied on the property, assets and proceeds of Defendants, such as the Property, per the Instruments and their misconduct, which they are estopped from denying.

57. Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien/mortgage on all property, assets and proceeds of Defendants, in a sum at least equal to the Loan, relating back to its execution/origination, grant just relief.

## COUNT V: CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

58. ¶ 7-32 are incorporated.

59. The property, assets and proceeds of all recipients of the Funds, Defendants, were to secure the Loan, per the Instruments, of which they knew, benefitted, consented and ratified but wrongfully preclude its performance.

60. Defendants inequitably/fraudulently induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

61. Defendants knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

62. A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds of Defendants, such as the Property, per the Instruments and their misconduct, which they are estopped from denying.

63  Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of Defendants, securing the Instruments, retroactive to their execution, grant just relief.

## COUNT VI: FORECLOSURE AND RELATED RELIEF AS TO DEFENDANTS

64. ¶ 7-32 are incorporated.

65. Defendants breached Plaintiff's Instruments, failed to satisfy or comply with them, a lien on their property, assets and proceeds, like the Property.

66. Per 28 U.S.C. § 2201 and § 2001 *et seq*, Fla. Stat. § § 86.011 *et seq*, § 65.011 *et seq*, § 701.01 *et seq*, § 45.011 *et seq* and applicable principles, Plaintiff requests the Court declare, establish and judicially foreclose its secured lien interest in all property, assets and proceeds of Defendants, including the Property, its fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note, plus. interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed and quieted to all right, title, interest and equity of redemption.

## COUNT VII: POSSESSION AND RELATED RELIEF AS TO DEFENDANTS

67. ¶ 7-32 are incorporated.

68. Defendants and/or others occupy and possess their property assets and proceeds, such as the Property, to which Plaintiff or any purchaser at sale is entitled to post-sale possession and/or payments.

69. Per Fed. R. Civ. P. 64, Fla. Stat § 66.011 *et seq* and applicable law, Plaintiff requests the Court award sole post-sale possession of the property, assets

and proceeds of Defendants to it or any other purchaser at sale, including the Property and/or any other purchaser at sale, ejecting Defendants and/or any others.

70. The individual Defendants are not minor(s) adjudged incompetent; not in the military for the last 30 days, not subject to protection per 50 U.S.C. §3901.

Respectfully submitted this 5th day of October 2020.

By: */s/Paul G. Wersant*
Paul G. Wersant
Florida Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff IOU
File No. 139685