UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IOU CENTRAL, INC.,
d/b/a IOU FINANCIAL INC.,

    Plaintiff,

v.                                           Case No.  5:20-cv-265-MW/MJF

ADMIRAL PROPERTY RESTORATION
INC., *et al.*,

    Defendants.
                                          /

## ORDER

On October 5, 2020, Plaintiff commenced this action against four Defendants: Admiral Property Restoration Inc.; Superior Contracting and Restoration Inc.; Bradley Douglass; and Susan Douglass. (Doc. 1). Plaintiff subsequently served the Defendants. Defendant Bradley Douglass, proceeding *pro se*, filed an Answer/Motion to Dismiss on behalf of each of the corporate Defendants, Admiral Property Restoration and Superior Contracting and Restoration. (Docs. 9, 10). Each of these pleadings is deficient as discussed below. Therefore, the court will provide Defendants an opportunity to correct the deficiency.

                    **I.**     **DISCUSSION**

It is "well established that a corporation is an artificial entity that can act only through agents, **cannot appear *pro se*, and must be represented by counsel**."

*Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (emphasis added); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556-57 (10th Cir. 2001) (discussing a limited liability corporation and stating "[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*."). "The general rule applies even where the person seeking to represent the corporation is its president and major stockholder." *Palazzo*, 764 F.2d at 1385 citing (*In re Las Colinas Dev. Corp.*, 585 F.2d 7 (1st Cir. 1978)).

In other words, Mr. Douglass's Answers and Motions to Dismiss filed on behalf of Admiral Property Restoration Inc. and Superior Contracting and Restoration Inc. are deficient. This court, however, will provide the two corporate Defendants time to find an attorney and answer the complaint.

## II. CONCLUSION

Accordingly, it is **ORDERED:**

1. Defendants Admiral Property Restoration Inc. and Superior Contracting and Restoration Inc.'s respective motions to dismiss (Docs. 9, 10) are **DENIED** without prejudice because they were not made properly by counsel for these entities.

2. Defendants Admiral Property Restoration Inc. and Superior Contracting and Restoration Inc. are given **THIRTY DAYS** from the date of this

order to retain counsel and have a Notice of Appearance filed by the same. Counsel for Admiral Property Restoration Inc. and Superior Contracting and Restoration Inc. shall have **TWENTY-ONE DAYS** from filing of its attorney's Notice of Appearance to answer or otherwise respond to Plaintiff's complaint.

    3.    Defendants Susan Douglass and Bradley Douglass may proceed with or without an attorney.

    **SO ORDERED** this 10th day of November, 2020.

                                       /s/ *Michael J. Frank*
                                       **Michael J. Frank**
                                       **United States Magistrate Judge**